THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CAROLINE B. STRONG, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, March 17, 1944.

*Abraham P. Chess* and *Daniel P. A. Sweeney* for plaintiff.

*John W. Hood* for defendant.

STRONG, C. M. It is sufficiently clear, as a matter of law, that, unless protected by the clause added in 1929 to subdivision 3 of section 899 of the Code of Criminal Procedure (L. 1929, ch. 344), answers of the prophetic type given by this defendant to the policewomen's questions must be deemed to constitute fortunetelling. The word " pretend " in the statute simply means that the Legislature was skeptical of anyone's ability to foretell future events and used the word in the sense of " make claim ". In other words, the person charged with the offense may believe in his or her ability to foretell the future with or without prompting from external sources and yet be guilty of a violation.

It is unnecessary to determine to what extent, if at all, the 1929 amendment enlarged the constitutional guarantees of religious liberty. It was clearly the intention of the Legislature to afford protection to a certain class of persons when foretelling future events of a personal nature under certain circumstances. This intention should not be nullified, but the protection should be carefully limited lest it be abused.

It is conceded that the defendant as a duly licensed ordained minister of the Spiritualist Church falls within the category specified in the amendment. It only remains to determine whether the defendant at the times specified in the complaint was, in the words of the statute, acting in good faith and without personal fee. It is not, in my opinion, sufficient that the defendant merely believe in her ability to foretell the future, either with or without prompting from external sources. " Acting in good faith " means, I think, acting in a sincere endeavor to administer the beliefs, practices or usages of the defendant's religion. Was the defendant here so acting on those occasions? I feel compelled to conclude that she was not.

Whatever the defendant's practice may have been in the past, I accept the policewomen's testimony as to what transpired at the so-called message circles or services which they attended. There was a very brief reading from the Bible by the defendant on one occasion and a recital of the Lord's Prayer on the other and then personal questions of the audience were answered by the defendant. That was all. The prayer or reading has the appearance of a perfunctory attempt to create the illusion of a religious service. No attempt was made to relate it to the question-answering nor was there any attempt to explain or

propound any beneficial principles of spiritualism as a religious faith or philosophy. The defendant testified that this brief service would violate the practice of her local church. According to an officer of the General Assembly of Spiritualists, this type of service did not violate the usage of Spiritualist Churches generally when considered as a mere message circle as distinguished from more extensive services with sermon or lecture customarily given at weekly or other frequent intervals. There was testimony that no such extensive service was offered at the defendant's church at any recent time.

The question-answering as such and quite apart from any religious significance appears clearly to have been the sole objective of the so-called services specified in the complaint. The defendant in answering them gave no indication of acting in a sincere endeavor to administer the beliefs, practices, or usages of the church of which she is an ordained minister.

I do not find it necessary to pass definitely on the question of whether the coins put by those asking questions in the basket held by the defendant's assistant became personal fees of the defendant. I think, however, that, as having some bearing on the question of good faith and motive, it should be noted that, except for legal fees and one dollar per meeting for a temporary assistant, the defendant has for some time been the only person interested in or benefited by the money collected from the public at the message services. Her income has depended directly upon the amount collected. The handling of the money by a church treasurer has been scarcely more than a formality. The only other expenses have been for rent, light, and advertising. It should also be noted that nothing appears on the door of the meeting room located on the seventh floor of an office building except the name of the defendant and that the defendant originally purchased all of the church equipment. These factors are by no means conclusive but are pertinent.

I find that the defendant was not acting in good faith within the meaning of the statute at the time specified in the complaint and that she was guilty of pretending to tell fortunes in violation of subdivision 3 of section 899 of the Code of Criminal Procedure.

In view of the character testimony and the circumstances of the case, I will suspend sentence, with a warning that another conviction will result in a severe penalty.